SEALED

FILED
AUG 0 2 2022
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>MALAIA A. TURNER, a.k.a. "Putt,"  )<br>a.k.a. "Missy,"  )<br>  )<br>Defendant.  ) | Case No. 22-CR-20051<br><br>Title 21, United States Code,<br>Sections 841(a)(1) and (b)(1)(A),<br>and 846. |

## INDICTMENT

### COUNT ONE
### Conspiracy to Distribute 500 Grams or More of Methamphetamine (Mixture/Substance)

**THE GRAND JURY CHARGES:**

1. Beginning on an unknown date but no later than on or about November 1, 2019, and continuing to on or about January 31, 2021, in the Central District of Illinois and elsewhere,

**MALAIA A. TURNER, a.k.a. "Putt," a.k.a. "Missy,"**

defendant herein, knowingly and intentionally conspired and agreed with other persons known and unknown to the grand jury to distribute a mixture and substance containing methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

2. <u>Objects of the Conspiracy</u>

The objects of the criminal conspiracy included to obtain quantities of mixtures and substances containing methamphetamine from persons outside of the Central District of Illinois; to transport the mixtures and substances containing methamphetamine, a Schedule II controlled substance, from the Central District of California to the Central and Northern Districts of Illinois; to distribute and reap profits from the sale of that mixture and substance containing methamphetamine; and to do so without detection by law enforcement authorities.

3. <u>Means and Methods of the Conspiracy</u>

Among the means and methods by which the conspirators conducted and participated in the criminal conspiracy are the following:

    a. **TURNER** and Co-Conspirator 1 obtained a mixture and substance containing methamphetamine and other controlled substances from suppliers, known and unknown, in the Central District of Illinois and did so with the intent to distribute those controlled substances to others.

    b. As part of the conspiracy, **TURNER,** Co-Conspirator 1, Co-Conspirator 2, and Co-Conspirator 3 transported U.S. currency or caused U.S. currency to be transported from the Central and Northern Districts of Illinois to California for the purpose of purchasing a mixture and substance containing methamphetamine and other controlled substances from persons in California.

   c.  **TURNER,** Co-Conspirator 1, and Co-Conspirator 2 then obtained a mixture and substance containing methamphetamine and other controlled substances from suppliers in California.

   d.  Once **TURNER,** Co-Conspirator 1, and Co-Conspirator 2 obtained the purchased mixture and substance containing methamphetamine and other controlled substances in California, they transported or otherwise caused the transport by Co-Conspirator 3 of the mixture and substance containing methamphetamine and other controlled substances to the Central and Northern Districts of Illinois for the purposes of distribution in and around the Central District of Illinois.

   e.  After transportation of the mixture and substance containing methamphetamine and other controlled substances to the Central District of Illinois, **TURNER,** Co-Conspirator 1, and Co-Conspirator 2 coordinated with each other and others to possess, maintain, and ultimately distribute a mixture and substance containing methamphetamine and other controlled substances to other persons, both known and unknown, in the Central District of Illinois and elsewhere.

  4. <u>Acts in Furtherance of the Conspiracy</u>

In furtherance of the criminal conspiracy and to effect the objects thereof, in the Central District of Illinois and elsewhere, and on or about the dates set forth below, the defendant and others, both known and unknown to the grand jury, committed and caused to be committed acts in furtherance of the conspiracy, including, but not limited to, the following:

a. Between October 1, 2019, and May 31, 2020, **TURNER** and others purchased a mixture and substance containing methamphetamine from Supplier 1 with the intent to distribute it.

b. Between October 1, 2019, and May 31, 2020, **TURNER** and others purchased a mixture and substance containing methamphetamine from Supplier 2 with the intent to distribute it.

c. On unknown date(s) between December 1, 2019, and January 4, 2020, **TURNER** and Co-Conspirator 1 traveled to Texas for purposes of purchasing a mixture and substance containing methamphetamine.

d. **TURNER** and Co-Conspirator 1 traveled to California on the following dates for purposes of purchasing a mixture and substance containing methamphetamine, cocaine, and marijuana, from persons known and unknown, and they did so with the intent to then distribute these controlled substances in and around the Central District of Illinois:

   i. May 17, 2020, through May 20, 2020;
   ii. June 2, 2020, through June 4, 2020;
   iii. June 12, 2020, through June 16, 2020;
   iv. June 23, 2020, through an unknown date no later than July 2, 2020;
   v. July 11, 2020, through July 16, 2020;
   vi. On unknown dates between July 16, 2020, and July 31, 2020;
   vii. On unknown dates between September 1, 2020, and September 30, 2020;

4

      viii.   On unknown dates between November 1, 2020, and November 15, 2020;

      ix.   On unknown dates between January 12, 2021, and January 17, 2021.

e.   **TURNER** and Co-Conspirator 1 coordinated with Co-Conspirator 3 to transport a mixture and substance containing methamphetamine, cocaine, and marijuana from California to the Northern and Central Districts of Illinois on the following dates for the purpose of subsequently distributing those controlled substances in and around the Central District of Illinois:

      i.   On unknown dates between July 16, 2020, and July 31, 2020, Co-Conspirator 3 transported approximately 100 pounds of a mixture and substance containing methamphetamine and an unknown quantity of marijuana and did so at the instruction of **TURNER** and Co-Conspirator 1;

      ii.   On unknown dates between September 1, 2020, and September 30, 2020, Co-Conspirator 3 transported approximately 110 pounds of a mixture and substance containing methamphetamine and an unknown quantity of marijuana and did so at the instruction of **TURNER** and Co-Conspirator 1;

      iii.   On unknown dates between November 1, 2020, and November 15, 2020, Co-Conspirator 3 transported approximately 140 pounds of a mixture and substance containing methamphetamine, 150 pounds of marijuana, and three kilograms of cocaine, and did so at the instruction of **TURNER** and Co-Conspirator 1;

      iv.   On unknown dates between January 12, 2021, and January 17, 2021, Co-Conspirator 3 transported approximately 180 pounds of a mixture and substance containing methamphetamine, 100 pounds of marijuana, and three kilograms of cocaine and did so at the instruction of **TURNER** and Co-Conspirator 1.

f. Between October 1, 2019, and January 31, 2021, **TURNER** and Co-Conspirator 1 distributed a mixture and substance containing methamphetamine, cocaine, and marijuana to persons, both known and unknown, in the Central District of Illinois.

All in violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Sections 846 and 841(a)(1), *Pinkerton v. United States,* 328 U.S. 640 (1946) (*Pinkerton* co-conspirator liability).

Quantity of Methamphetamine Involved in the Conspiracy

5. With respect to **TURNER,** the amount of mixture and substance containing methamphetamine involved in the conspiracy attributable to her as a result of her own conduct and the conduct of other conspirators reasonably foreseeable to her is five hundred (500) grams or more, punishable under Title 21, United States Code, Section 841(b)(1)(A).

A TRUE BILL.

s/Foreperson
_____
FOREPERSON

s/Rachel Ritzer
_____
GREGORY K. HARRIS
United States Attorney
RER

6