## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-CR-20051 |
| | ) | |
| MALAIA A. TURNER, | ) | |
| | ) | |
| Defendant. | ) | |

## **THE UNITED STATES OF AMERICA'S JURY INSTRUCTIONS**

NOW COMES the United States of America, by Gregory K. Harris, United States Attorney for the Central District of Illinois, and Rachel E. Ritzer, Assistant United States Attorney, and hereby submits the attached Government jury instructions, numbers 1 to 46, in the above captioned case, specifically reserving the right to withdraw any instructions or submit any additional instructions required by circumstances occurring during the course of the trial.

Respectfully submitted,

GREGORY K. HARRIS
UNITED STATES ATTORNEY


s/ Rachel E. Ritzer
Rachel E. Ritzer, Illinois Bar No. 6309905
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
217/373-5875
rachel.ritzer@usdoj.gov

Ladies and gentlemen: You are now the jury in this case. I would like to take a few minutes to describe your duties as jurors and to give you instructions concerning the case.

As the judge in this case, one of my duties is to decide all questions of law and procedure. In these preliminary instructions, during the trial, and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision. The instructions that I give you at the end of the trial will be more detailed than the instructions I am giving you now. Each of you will have a copy of the instructions that I give you at the end of the case.

You have two duties as jurors. Your first duty is to decide the facts from the evidence that you see and hear in court. Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You should not take anything I say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Government Instruction No. 1

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.)
Preliminary Instructions, Functions of Court and Jury

The charges against the defendant are in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges that the defendant, Malaia A. Turner, committed the crime of Conspiracy to Distribute 500 Grams or More of Methamphetamine (Mixture/Substance). The defendant has pleaded not guilty to the charge.

The indictment is simply the formal way of telling the defendant what crimes she is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

Government Instruction No. 2

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.)
Preliminary Instructions, The Charge

The defendant is presumed innocent the charge. This presumption continues throughout the case. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove her innocence. She is not required to produce any evidence at all.

Government Instruction No. 3

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.)
Preliminary Instructions, Presumption of Innocence/Burden of Proof

You may consider only the evidence that you see and hear in court. You may not consider anything you may see or hear outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses say when they are testifying under oath, the exhibits that I allow into evidence, and any facts to which the parties stipulate. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

Nothing else is evidence. Any statements and arguments that the lawyers make are not evidence. If what a lawyer says is different from the evidence as you hear or see it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question or evidence is improper. When an objection is made, I will be required to rule on the objection. If I sustain an objection to a question a lawyer asks, you must not speculate on what the answer might have been. If I strike testimony or an exhibit from the record, or tell you to disregard something, you must not consider it.

Pay close attention to the evidence as it is being presented. During your deliberations, you will have any exhibits that I allow into evidence, but you will not have a transcript of the testimony. You will have to make your decision based on what you recall of the evidence.

Government Instruction No. 4
Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.)
Preliminary Instructions, The Evidence

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

For example, direct evidence that it was raining outside is testimony by a witness that it was raining. Indirect evidence that it was raining outside is the observation of someone entering a room carrying a wet umbrella.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

Government Instruction No. 5

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.)
Preliminary Instructions, Direct and Circumstantial Evidence

Give the evidence whatever weight you believe it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

Government Instruction No. 6

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.)
Preliminary Instructions, Considering the Evidence

Part of your job as jurors will be to decide how believable each witness was, and how much weight to give each witness's testimony. I will give you additional instructions about this at the end of the trial.

Government Instruction No. 7

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.)
Preliminary Instructions, Credibility of Witnesses

Do not make any decisions by simply counting the number of witnesses who testified about a certain point.

What is important is how believable the witnesses are and how much weight you think their testimony deserves.

Government Instruction No. 8

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.)
Preliminary Instructions, Number of Witnesses

You will be permitted to take notes during the trial. If you take notes, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

Government Instruction No. 9

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.)
Preliminary Instructions, Juror Note-Taking

Before we begin the trial, I want to discuss several rules of conduct that you must follow as jurors.

First, you should keep an open mind throughout the trial. Do not make up your mind about what your verdict should be until after the trial is over, you have received my final instructions on the law, and you and your fellow jurors have discussed the evidence.

Second, your verdict in this case must be based exclusively on the law as I give it to you and the evidence that is presented in court during the trial. For this reason, and to ensure fairness to both sides in this case, you must obey the following rules. These rules apply both when you are here in court and when you are not in court. They apply until after you have returned your verdict in the case.

1.      You must not discuss the case, the issues in the case, or anyone who is involved in the case, among yourselves until you go to the jury room to deliberate after the trial is completed.

2.      You must not communicate with anyone else about this case, the issues in the case, or anyone who is involved in the case, until after you have returned your verdict.

3.      When you are not in the courtroom, you must not allow anyone to communicate with you or give you any information about the case, the issues in the case, or about anyone who is involved in the case. If someone tries to communicate with you about the case, the issues in the case, or someone who is involved in the case, or if you overhear or learn any information about the case, the issues in the case, or someone

involved in the case when you are not in the courtroom, you must report this to me promptly.

4.      You may tell your family and your employer that you are serving on a jury, so that you can explain that you have to be in court. However, you must not communicate with them about the case, the issues in the case, or anyone who is involved in the case until after you have returned your verdict.

5.      All of the information that you will need to decide the case will be presented here in court. You may not look up, obtain, or consider information from any outside source.

There are two reasons for these rules. First, it would not be fair to the parties in the case for you to consider outside information or communicate information about the case to others. Second, outside information may be incorrect or misleading.

When I say that you may not obtain or consider any information from outside sources, and may not communicate with anyone about the case, the issues in the case, or those involved in the case, I am referring to any and all means by which people communicate or obtain information. This includes, for example, face to face conversations; looking things up; doing research; reading, watching, or listening to reports in the news media; and any communication using any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Android, Blackberry or similar device, computer, the Internet, text messaging, chat rooms, blogs, social networking websites like Facebook, You-Tube, Twitter, Instagram, SnapChat, or LinkedIn, or any other form of communication at all. If you hear, see, or receive any

information about the case by these or any other means, you must report that to me

immediately.

Government Instruction No. 10

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.)
Preliminary Instructions, Juror Conduct

We are now ready to begin the trial. The trial will proceed in the following manner:

First, each side's attorney may make an opening statement. An opening statement is not evidence. Rather, it is a summary of what each side's attorney expects the evidence will show.

After the opening statements, you will hear the evidence.

After the evidence has been presented, the attorneys will make closing arguments, and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

Government Instruction No. 11

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.)
Preliminary Instructions, Conduct of the Trial

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. Each of you has a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

Government Instruction No. 12

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) No. 1.01

The charges against the defendant are in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges that the defendant, Malaia A. Turner, committed the crime of Conspiracy to Distribute 500 Grams or More of Methamphetamine. The defendant has pled not guilty to the charge.

The indictment is simply the formal way of telling the defendant what crime she is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

Government Instruction No. 13

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) No. 1.02 (Modified)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  22-CR-20051 |
| | ) | |
| v. | ) | |
| | ) | Title 21, United States Code, |
| MALAIA A. TURNER, a.k.a. "Putt," | ) | Sections 841(a)(1) and (b)(1)(A), |
| a.k.a. "Missy," | ) | and 846. |
| | ) | |
| Defendant. | ) | |

## I N D I C T M E N T

### COUNT ONE
### Conspiracy to Distribute 500 Grams or More of Methamphetamine (Mixture/Substance)

**THE GRAND JURY CHARGES:**

1.       Beginning on an unknown date but no later than on or about November 1, 2019, and continuing to on or about January 31, 2021, in the Central District of Illinois and elsewhere,

**MALAIA A. TURNER, a.k.a. "Putt," a.k.a. "Missy,"**

defendant herein, knowingly and intentionally conspired and agreed with other persons known and unknown to the grand jury to distribute a mixture and substance containing methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

2.     Objects of the Conspiracy

The objects of the criminal conspiracy included to obtain quantities of mixtures and substances containing methamphetamine from persons outside of the Central District of Illinois; to transport the mixtures and substances containing methamphetamine, a Schedule II controlled substance, from the Central District of California to the Central and Northern Districts of Illinois; to distribute and reap profits from the sale of that mixture and substance containing methamphetamine; and to do so without detection by law enforcement authorities.

3.     Means and Methods of the Conspiracy

Among the means and methods by which the conspirators conducted and participated in the criminal conspiracy are the following:

a.     **TURNER** and Co-Conspirator 1 obtained a mixture and substance containing methamphetamine and other controlled substances from suppliers, known and unknown, in the Central District of Illinois and did so with the intent to distribute those controlled substances to others.

b.     As part of the conspiracy, **TURNER,** Co-Conspirator 1, Co-Conspirator 2, and Co-Conspirator 3 transported U.S. currency or caused U.S. currency to be transported from the Central and Northern Districts of Illinois to California for the purpose of purchasing a mixture and substance containing methamphetamine and other controlled substances from persons in California.

c.  **TURNER,** Co-Conspirator 1, and Co-Conspirator 2 then obtained a mixture and substance containing methamphetamine and other controlled substances from suppliers in California.

d.  Once **TURNER,** Co-Conspirator 1, and Co-Conspirator 2 obtained the purchased mixture and substance containing methamphetamine and other controlled substances in California, they transported or otherwise caused the transport by Co-Conspirator 3 of the mixture and substance containing methamphetamine and other controlled substances to the Central and Northern Districts of Illinois for the purposes of distribution in and around the Central District of Illinois.

e.  After transportation of the mixture and substance containing methamphetamine and other controlled substances to the Central District of Illinois, **TURNER,** Co-Conspirator 1, and Co-Conspirator 2 coordinated with each other and others to possess, maintain, and ultimately distribute a mixture and substance containing methamphetamine and other controlled substances to other persons, both known and unknown, in the Central District of Illinois and elsewhere.

4.  Acts in Furtherance of the Conspiracy

In furtherance of the criminal conspiracy and to effect the objects thereof, in the Central District of Illinois and elsewhere, and on or about the dates set forth below, the defendant and others, both known and unknown to the grand jury, committed and caused to be committed acts in furtherance of the conspiracy, including, but not limited to, the following:

a.      Between October 1, 2019, and May 31, 2020, **TURNER** and others purchased a mixture and substance containing methamphetamine from Supplier 1 with the intent to distribute it.

b.      Between October 1, 2019, and May 31, 2020, **TURNER** and others purchased a mixture and substance containing methamphetamine from Supplier 2 with the intent to distribute it.

c.      On unknown date(s) between December 1, 2019, and January 4, 2020, **TURNER** and Co-Conspirator 1 traveled to Texas for purposes of purchasing a mixture and substance containing methamphetamine.

d.      **TURNER** and Co-Conspirator 1 traveled to California on the following dates for purposes of purchasing a mixture and substance containing methamphetamine, cocaine, and marijuana, from persons known and unknown, and they did so with the intent to then distribute these controlled substances in and around the Central District of Illinois:

  i.      May 17, 2020, through May 20, 2020;

  ii.     June 2, 2020, through June 4, 2020;

  iii.    June 12, 2020, through June 16, 2020;

  iv.     June 23, 2020, through an unknown date no later than July 2, 2020;

  v.      July 11, 2020, through July 16, 2020;

  vi.     On unknown dates between July 16, 2020, and July 31, 2020;

  vii.    On unknown dates between September 1, 2020, and September 30, 2020;

        viii.    On unknown dates between November 1, 2020, and November 15, 2020;

        ix.    On unknown dates between January 12, 2021, and January 17, 2021.

e.     **TURNER** and Co-Conspirator 1 coordinated with Co-Conspirator 3 to transport a mixture and substance containing methamphetamine, cocaine, and marijuana from California to the Northern and Central Districts of Illinois on the following dates for the purpose of subsequently distributing those controlled substances in and around the Central District of Illinois:

        i.    On unknown dates between July 16, 2020, and July 31, 2020, Co-Conspirator 3 transported approximately 100 pounds of a mixture and substance containing methamphetamine and an unknown quantity of marijuana and did so at the instruction of **TURNER** and Co-Conspirator 1;

        ii.    On unknown dates between September 1, 2020, and September 30, 2020, Co-Conspirator 3 transported approximately 110 pounds of a mixture and substance containing methamphetamine and an unknown quantity of marijuana and did so at the instruction of **TURNER** and Co-Conspirator 1;

        iii.    On unknown dates between November 1, 2020, and November 15, 2020, Co-Conspirator 3 transported approximately 140 pounds of a mixture and substance containing methamphetamine, 150 pounds of marijuana, and three kilograms of cocaine, and did so at the instruction of **TURNER** and Co-Conspirator 1;

        iv.    On unknown dates between January 12, 2021, and January 17, 2021, Co-Conspirator 3 transported approximately 180 pounds of a mixture and substance containing methamphetamine, 100 pounds of marijuana, and three kilograms of cocaine and did so at the instruction of **TURNER** and Co-Conspirator 1.

f.      Between October 1, 2019, and January 31, 2021, **TURNER** and Co-Conspirator 1 distributed a mixture and substance containing methamphetamine, cocaine, and marijuana to persons, both known and unknown, in the Central District of Illinois.

All in violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Sections 846 and 841(a)(1), *Pinkerton v. United States,* 328 U.S. 640 (1946) (*Pinkerton* co-conspirator liability).

<u>Quantity of Methamphetamine Involved in the Conspiracy</u>

5.      With respect to **TURNER,** the amount of mixture and substance containing methamphetamine involved in the conspiracy attributable to her as a result of her own conduct and the conduct of other conspirators reasonably foreseeable to her is five hundred (500) grams or more, punishable under Title 21, United States Code, Section 841(b)(1)(A).

Government Instruction No. 14

Indictment

The defendant is presumed innocent of the charge to which she has pled not guilty. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove her innocence. She is not required to produce any evidence at all.

Government Instruction No. 15

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) No. 1.03

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, social media, text messages, e-mails, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

In addition, you may recall that I took judicial notice of certain facts that may be considered as matters of common knowledge. You may accept those facts as proved, but you are not required to do so.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

Government Instruction No. 16

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) No. 2.01

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

Government Instruction No. 17

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) No. 2.02

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

Government Instruction No. 18

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) No. 2.03

Do not make any decisions by simply counting the number of witnesses who testified about a certain point.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

What is important is how believable the witnesses are and how much weight you think their testimony deserves.

Government Instruction No. 19

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) No. 2.04

A defendant has an absolute right not to testify or present evidence. You may not consider in any way the fact that the defendant did not testify or present evidence. You should not even discuss it in your deliberations.

Government Instruction No. 20

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) No. 2.05

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony, including that of the defendant. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- inconsistent or consistent statements or conduct by the witness.

Government Instruction No. 21

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) No. 3.01

It is proper for an attorney to interview any witness in preparation for trial.

Government Instruction No. 22

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) No. 3.02

You have heard evidence that before the trial, a witness made a statements that may be inconsistent with their testimony here in court. You may consider an inconsistent statement made before the trial to help you decide how believable a witness' testimony was here in court. If an earlier statement was made under oath, then you can also consider the earlier statement as evidence of the truth of whatever the witness said in the earlier statement.

Government Instruction No. 23

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) No. 3.03

You have heard testimony from witnesses who:

- expected to receive a benefit in return for his testimony and cooperation with the government.

- has plead guilty to being involved in the crime the defendant is charged with committing. You may consider their guilty pleas as evidence against the defendant.

You may give these witnesses' testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.

Government Instruction No. 24

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) No. 3.05

You have heard testimony of an identification of a person. Identification testimony is an expression of the witness's belief or impression. In evaluating this testimony, you should consider the opportunity the witness had to observe the person at the time and to make a reliable identification later. You should also consider the circumstances under which the witness later made the identification.

The government must prove beyond a reasonable doubt that the defendant is the person who committed the crime that is charged.

Government Instruction No. 25

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) No. 3.12

You have heard a witness, namely, Investigator Scott Standerfer who gave opinions and testimony about the identity and weight of controlled substances, and the common methods and means used by persons engaged in the drug trafficking trade. You do not have to accept this witness's opinions or testimony. You should judge this witness's opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witness's qualifications, how he reached his opinions and conclusions, and the factors I have described for determining the believability of testimony.

Government Instruction No. 26

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) No. 3.13 (Modified)

Certain summaries were admitted in evidence. You may use those summaries as evidence even though the underlying documents are not here.

It is up to you to decide how much weight to give to the summaries.

Government Instruction No. 27

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) No. 3.16

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

Government Instruction No. 28

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) No. 3.18

A person who orders or in some other way is responsible for the acts of another person may be found guilty whether or not the other person has been found guilty.

Government Instruction No. 29

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) No. 5.01

Any person who knowingly aids the commission of an offense may be found guilty of that offense if she knowingly participated in the criminal activity and tried to make it succeed.

If a defendant knowingly causes the acts of another, then the defendant is responsible for those acts as though she personally committed them.

Government Instruction No. 30

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) No. 5.06

Count One of the indictment charge the defendant, Malaia A. Turner, with Conspiracy. In order for you to find the defendant guilty of this charge, the government must prove each of the five following elements beyond a reasonable doubt:

1.      The conspiracy as charged in Count One existed.

2.      The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

Government Instruction No. 31

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) No. 5.08(B)

A "conspiracy" is an express or implied agreement between two or more persons to commit a crime. A conspiracy may be proven even if the goal was not accomplished.

In deciding whether the charged conspiracy existed, you may consider all of the circumstances, including the words and acts of each of the alleged participants.

Government Instruction No. 32

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) No. 5.09

To be a member of a conspiracy, the defendant does not need to join it at the beginning, and she does not need to know all of the other members or all of the means by which the illegal goal of the conspiracy was to be accomplished. The government must prove beyond a reasonable doubt that the defendant was aware of the illegal goal of the conspiracy and knowingly joined the conspiracy.

A defendant is not a member of a conspiracy just because she knew and/or associated with people who were involved in a conspiracy, knew there was a conspiracy, and/or was present during conspiratorial discussions.

In deciding whether the defendant joined the charged conspiracy, you must base your decision only on what the defendant did or said. To determine what the defendant did or said, you may consider the defendant's own words or acts. You may also use the words or acts of other persons to help you decide what the defendant did or said.

Government Instruction No. 33

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) No. 5.10

A conspiracy requires more than just a buyer-seller relationship between the defendant and another person. In addition, a buyer and seller of methamphetamine do not enter into a conspiracy to possess methamphetamine with the intent to distribute it simply because the buyer resells the methamphetamine to others, even if the seller knows that the buyer intends to resell the methamphetamine. The government must prove that the buyer and seller had the joint criminal objective of further distributing methamphetamine to others.

Government Instruction No. 34

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) No. 5.10(A)

Count One of the indictment charges the defendant with conspiracy to distribute 500 grams or more of a mixture/substance containing methamphetamine. In order for you to find the defendant guilty of this charge, the government must prove each of the three following elements beyond a reasonable doubt:

1.    The defendant knowingly distributed methamphetamine; and

2.    The defendant knew the substance was some kind of a controlled substance. The government is not required to prove that the defendant knew the substance was methamphetamine.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

Government Instruction No. 35
Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) No. 4.01 (Modified)
Modern Federal Jury Instructions, Criminal– Instruction 53A-6 (Modified)
*Holloway v. United States,* 526 U.S. 1, 5-6 (1999) (Modified)

A person acts "knowingly" if she realizes what she is doing and is aware of the nature of her conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

Government Instruction No. 36
Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) No. 4.10

A person "distributes" a controlled substance if she delivers or transfers possession of the controlled substance to someone else; causes a person to deliver or transfer possession of the controlled substance to another person.

Government Instruction No. 37
Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) at 997
18 U.S.C. § 841(a)(1) Definition of "Distribution"

Methamphetamine is a controlled substance.

Government Instruction No. 38
Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) No. at 1046
Definition of "Controlled Substance"

If you find the defendant guilty of the offense charged in Count One of the indictment, you must then determine the amount of mixture or substance containing methamphetamine the government has proven was involved in the offense.

In making this determination, you are to consider any type and amount of controlled substances for which the government has proven beyond a reasonable doubt that: (1) the defendant conspired to possess with intent to distribute while the defendant was a member of the conspiracy charged in Count 1, plus (2) the defendant's co-conspirators conspired to possess with intent to distribute in furtherance of the conspiracy during the defendant's membership in the conspiracy and reasonably foreseeable to the defendant.

You will see on the verdict form a question concerning the amount of narcotics involved in the offense charged in Count 1 of the indictment. You should consider this question only if you have found that the government has proven the defendant guilty of the offense charged in Count 1 of the indictment. If you find that the government has proven beyond a reasonable doubt that the offense involved 500 grams or more of a mixture or substance containing methamphetamine, then you should answer the [first] question "Yes."

If you find that the government has not proven beyond a reasonable doubt that the offense involved 500 grams or more of a mixture or substance containing methamphetamine, then you should answer the question "No."

Government Instruction No. 39
Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) No. at 1025-26
Drug Quantity / Special Verdict Instructions [Modified]

In deciding your verdict, you should not consider the possible punishment for the defendant who is on trial. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

Government Instruction No. 40

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) No. 4.08

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, MySpace, LinkedIn, YouTube, Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

Government Instruction No. 41

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) No. 7.01

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

Government Instruction No. 42

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) No. 7.02

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

Government Instruction No. 43

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) No. 7.03

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-CR-20051 |
| | ) | |
| MALAIA A. TURNER, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>VERDICT</u>**

We, the jury, find the defendant, Malaia A. Turner, _____
(guilty, not guilty)
of the offense of Conspiracy to Distribute 500 Grams or More of a Mixture or Substance

Containing Methamphetamine as charged in Count One of the Indictment.

1.  Did the government prove beyond a reasonable doubt that offense involved
    500 grams or more of methamphetamine?

_____
(Yes / No)

DATE:_____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
Foreperson

Government Instruction No. 44

**CERTIFICATE OF SERVICE**

I hereby certify that on April 19, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

s/ Rachel E. Ritzer
Rachel E. Ritzer, Illinois Bar No. 6309905
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
217/373-5875
rachel.ritzer@usdoj.gov