**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| United States of America ) | |
| ) | |
| ) | 22 CR 20051 |
| v. ) | Judge Colin Bruce |
| Malaia Turner ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**DEFENDANT'S OPPOSITION TO THE**
**GOVERNMENT'S MOTION IN LIMINE**

NOW COMES the Defendant, Malaia Turner, by and through her attorney, Bart E. Beals, and moves this Court to deny the Government's *Motion in limine* pursuant to the Sixth Amendment to the United States Constitution and Federal Rules of Evidence ("FRE") 803(2). In support of this motion the Defendant states the following:

**Introduction**

Ms. Turner was arrested and eventually charged with Conspiracy to Distribute Five hundred (500) grams or more of Substance containing Methamphetamine. According to the government's theory of the case, Ms. Turner was a part of a conspiracy that included at least two other coconspirators, suppliers, and customers. The government intends to introduce statements from alleged coconspirators during trial to prove that Ms. Turner was a part of an alleged conspiracy. The defense objects because this violates Ms. Turner's Confrontation Clause rights.[1]

---

[1] The defense is not waiving any its objection to the Government's Motion in Limine. However, it is the position of the defense that he introduction of any transcripts or recordings without the witness being subjected to cross examination by the defense is a violation of the Confrontation Clause.

**Argument**

1. Violation of the Confrontation Clause

"The Confrontation Clause of the Sixth Amendment guarantees the right of an accused to 'be confronted with the witnesses against him.'" *United States v. Sasson*, 62 F.3d 874, 882 (7th Cir. 1995). "In order to establish a violation of the Confrontation Clause, the defendant is not required to show prejudice with respect to the trial as a whole, but rather, the focus is on individual witnesses." *Id*. The purpose of the Confrontation Clause of the Sixth Amendment is providing a procedural guarantee to ensure the reliability of the testimonial evidence by subjecting the witness and thus the testimony to cross examination. *Crawford v. Washington*, 541 U.S. 36, 62, 124 S. Ct. 1354, 1370 (2004). "Dispensing with confrontation because testimony is obviously reliable is akin to dispensing with a jury trial because a defendant is obviously guilty. That is not what the Sixth Amendment prescribes." *Crawford v. Washington*, 541 U.S. 36, 62, 124 S. Ct. 1354, 1371 (2004).

The government is attempting to prove the truth of the matter stated, i.e., that Ms. Turner was a part of an alleged conspiracy through statements made out of court. Any alleged statements made by Ms. Turner or to Ms. Turner by the witness must be subjected to cross examination by the defense to test its trust worthiness.

WHEREFORE, the Defendant prays this Court will deny the government's *motion in limine*.

/s/Bart E. Beals

Name: Bart E. Beals
Address: 161 N. Clark, Suite 1700
City/Zip: Chicago, Illinois 60601
Telephone: (312) 324-4892